UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.U.P.,<br><br>Petitioner,<br><br>v.<br><br>JULIO HERNANDEZ, *et al.*,<br><br>Respondents. | Case No. C26-4096-RSM<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |

This matter comes before the Court on Petitioner M.U.P.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the Petition, a Return filed by the Government, Dkt. #13, a Reply, Dkt. #17, and the remainder of the record.

The following facts are taken from the Petition and the declaration of an ICE officer submitted by the Government. Dkts. #1 and #14. Petitioner is a native and citizen of Pakistan who entered the United States on a B1/B2 visa on August 27, 2025. Dkt. #19-1 (visa granted in 2024, expires in 2029, allowing for multiple entries for 6 months at a time). This entry period expired on February 26, 2026. Petitioner timely filed for asylum and withholding of removal on December 22, 2025, due to fear of persecution if he returned to Pakistan. Dkt. #19-2.

On October 22, 2026, Petitioner was detained by ICE officers in Portland, Oregon while out shopping. The Form I-231 provided by the Government provides that the officers approached Petitioner's car, informed him that he was under arrest, and eventually broke the driver's side window to pull him from the car. Dkt. #16-2. During the arrest, the officers communicated with Petitioner through an Urdu interpreter on the phone. Dkt. #17 at 3. Petitioner told ICE that he had a pending asylum application, had work authorization, and showed the officers his social security card. *Id.* The officers arrested Petitioner and transferred him to Northwest ICE Processing Center. During transfer, Petitioner continued to express fear of returning to Pakistan.

On October 23, 2026, Petitioner was served with a Notice of Custody Determination, on which Petitioner indicated he wanted an immigration judge to review his custody determination, a Form I-200 Warrant for Arrest, and a Form I-862 Notice to Appear ("NTA"), charging him as removable under INA § 237(a)(1)(B). The record does not show that any custody determination ever occurred. Though the warrant was issued on October 22, 2026, it was not served on Petitioner until the following day while in custody. Dkt. #16-4. On November 17, 2026, Petitioner had a master calendar hearing with the Tacoma Immigration Court regarding his immigration proceedings, in which the immigration judge rescheduled for December 1, 2026, because Petitioner's attorney was not present. Dkts. #22 and #23.

Petitioner contends that his warrantless arrest with no pre-deprivation hearing violates his constitutional rights and the Administrative Procedure Act ("APA")[1]. Dkt. #1. The Government argues that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), due to the Form I-200 warrant, and comports with due process. Dkt. #13. Petitioner contends that the warrant is invalid because it was issued before the NTA and served on him after his arrest. Dkt. #17 at 7-10.

---

[1] Because Petitioner ultimately asks for relief in the form of release, which the Court will grant by finding a due process violation, the Court need not analyze Petitioner's other claims.

Under the INA, the Attorney General may issue a warrant and arrest and detain a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). Via a Form I-200 Warrant for Arrest, a noncitizen may be arrested and detained only "[a]t the time of issuance of a notice to appear, or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b)(1). Here, the NTA was issued after Petitioner's arrest.

The Form I-213 indicates that ICE arrested Petitioner pursuant to the warrant. Dkt. #16-2. The October 22 warrant refers to "biometric confirmation of the subject's identity and a records check" and "statements made voluntarily by the subject to an immigration officer and/or other reliable evidence" to provided probable cause for the warrant. Dkt. #16-4. However, at that time, no removal proceedings were pending, and Petitioner had a pending asylum application. Furthermore, the warrant was issued on October 22, but the NTA was not issued and served until October 23, along with the warrant's service. As noted above, warrants must be issued at the same time an NTA is issued or after, not before the NTA. *See* 8 C.F.R. § 236.1(b)(1). Based on the above, "[b]oth the issuance and execution of the October 202[6] warrant violated DHS's own regulations." *Sagrero-Perez v. Scott*, No. C26-0932-TSZ, 2026 WL 1283516, at *2 (W.D. Wash. May 11, 2026).

Because the warrant (the basis for Petitioner's arrest and detention) is invalid, the Court turns to *Mathews v. Eldridge*, 424 U.S. 319 (1976) to determine if his detention pursuant to § 1226(a) comports with due process. Under the three-factor *Mathews* test, the Court looks to (1) Petitioner's private interest in not being detained, (2) the risk of erroneous deprivation, and (3) the Government's interest. *Mathews*, 424 U.S. at 335.

On the first factor, Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 524 U.S. 507, 529 (2004). That Petitioner arrived on a valid visa, timely filed for asylum, received work authorization, and has remained at liberty since while his asylum application is pending clearly establishes a liberty interest. The Government's argument that Petitioner's liberty interest is low simply because his time since his visa expiration is "far shorter" than other cases in this district is unconvincing and provides no citations or otherwise for support. Dkt. #13 at 6. This first factor weighs in Petitioner's favor.

Second, given the invalid warrant, failure to provide any custody determination before a neutral decisionmaker, and the errors noted by Petitioner, *see* Dkt. #17 at 13-14, the Court agrees with Petitioner that the risk of erroneous deprivation is high under the particular facts of this case.

Finally, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing. The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner entered legally, has a pending asylum application, and there is no material change in his particular factual circumstances prior to arrest, the Government fails this factor. Petitioner has no criminal history, and the record provides no evidence that he is a flight risk or danger to the community. The Court finds that the Government's interest in detaining Petitioner without a hearing is low. *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323-24 (W.D. Wash. 2025).

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continued release from custody, and due process requires that Petitioner receive a hearing before an immigration judge before he can be re-detained. Accordingly, the Court finds that the proper relief is release from detention. *See Sagreror-Perez*,

2026 WL 1283516, at *3 (finding release proper where detention occurred without notice, there was no evidence of violations or noncooperation or that petitioner could not participate out of custody, and the warrant authorizing detention was invalid); *Gonzalez Jimenez v. Quinones*, No. C26-3637-TMC, 2026 WL 3408842, at *4 (W.D. Wash. Nov.10, 2026) (similar and citing to other cases where petitioners overstayed visas, had asylum applications, and were released from detention).

Having considered the instant Petition, responsive briefings, and remainder of the record, the Court hereby finds and ORDERS that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Dkt. #1, is GRANTED. Petitioner shall be released **no later than November 26, 2026**, and he may not be re-detained until after an immigration court hearing, with adequate notice and a meaningful opportunity to respond, to determine whether detention is appropriate, at which the Government bears the burden of justifying continued detention by clear and convincing evidence. Petitioner's counsel may accompany him to any future immigration matters. Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and shall be noted under Local Rule 7(d)(3). Respondents shall file a status update with the Court **no later than November 27, 2026**, to confirm compliance with this order. This case is closed.

DATED this 25th day of November, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE